**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARIAM MALONE COLETTE MARTINEZ,**

           **Plaintiff,**

-vs-                                                  **Case No. 6:12-cv-1682-Orl-22KRS**

**CAREY N. BOS,**

           **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **IN FORMA PAUPERIS APPLICATION/WAIVER AND FINANCIAL AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **November 8, 2012** |

| | |
|---|---|
| **MOTION:** | **MOTION TO ENTER INTO EVIDENCE (Doc. No. 3)** |
| **FILED:** | **November 8, 2012** |

    Plaintiff Mariam Malone Colette Martinez was the Plaintiff in a case filed in Florida state court against Ashtin Leasing, Inc., and other defendants. The Defendants in that case are represented by Attorney Carey Bos. Martinez appealed the ruling in the state court case to the Florida Fifth District Court of Appeal.

In the present case, Martinez apparently contends that Attorney Bos violated her due process rights by scheduling a hearing in the Circuit Court for the Ninth Judicial Circuit without her consent, which hearing she was unable to attend due to lack of funds. She also asserts a myriad of complaints related to whether papers filed with the Florida Fifth District Court of Appeal were properly served. She contends that she was deprived of due process when the Circuit Court for the Ninth Judicial Circuit dismissed her case for want of prosecution, and when the Fifth District Court of Appeal affirmed the dismissal.

## II.   STANDARD OF REVIEW.

> A district court shall dismiss a case proceeding *in forma pauperis* at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). . . . Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Fed. R. Civ. P. 12(b)(6). *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). In order to "survive a motion to dismiss [under Rule 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. ––––, ––––, 129 S. Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). We liberally construe *pro se* briefs and pleadings. *See Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

*Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 884 (11th Cir. 2011).

## III.   ANALYSIS.

Martinez necessarily proceeds under 42 U.S.C. § 1983 in presenting her claim of violation of her due process rights. To maintain a § 1983 claim, Martinez must show that the conduct complained of was committed by a person acting under color of state law. A private defendant can be liable under § 1983 only if he acted in concert with state officials in depriving a plaintiff of constitutional rights. *Bendiburg v. Dempsey*, 909 F.2d 463, 468-69 (11th Cir. 1990).

There is no allegation that Defendant Bos, as an attorney for defendants in civil litigation, acted under color of state law.  There is no allegation that any person acting under color of state law conspired with Defendant Bos to deprive Martinez of any constitutional right.  Therefore, the complaint fails to state a claim on which relief may be granted.

Normally, the Court permits a *pro se* litigant to file an amended complaint.  However, this is the second case Plaintiff Martinez has filed in this Court arising from her dispute with Ashtin Leasing, Inc.  *See Martinez v. Ashtin Leasing, Inc.*, Case No. 6:09-cv-1723-Orl-22-GJK.  The earlier case was dismissed as frivolous, which finding was affirmed by the United States Court of Appeals for the Eleventh Circuit.  *Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 884 (11th Cir. 2011).  Under these circumstances, granting leave to amend would be futile.

## IV. RECOMMENDATION.

Accordingly, I **recommend** that the Court **DISMISS** the case with prejudice, deny all pending motions as moot, and direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 14, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy