## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARIAM MALONE COLETTE
MARTINEZ,

Plaintiff,

-vs-                                          Case No.  6:12-cv-1682-Orl-22KRS

CAREY N. BOS,

Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 12)** |
| **FILED:** | **January 3, 2013** |

## I.      BACKGROUND AND PROCEDURAL HISTORY.

Plaintiff Mariam Malone Colette Martinez ("Martinez") was the plaintiff in a case filed in Florida state court against Ashtin Leasing, Inc., and other defendants.  The defendants in that case were represented by attorney Carey N. Bos.  Martinez appealed the ruling in the state court case to the Florida Fifth District Court of Appeal.

On November 8, 2012, Martinez filed a complaint against Attorney Bos in this Court, along with a motion to proceed *in forma pauperis*.  Doc. Nos. 1-2.[1]  In her complaint, Martinez apparently contended that Attorney Bos violated her due process rights by scheduling a hearing in the Florida state court proceeding without her consent and by representing to the Circuit Court for the Ninth Judicial Circuit that he had contacted Martinez before scheduling the hearing when, she contends, he had not done so.  In her complaint, Martinez also asserted a number of issues related to whether papers filed with the Fifth District Court of Appeal were properly served.  She contended that she was deprived of due process when the Circuit Court for the Ninth Judicial Circuit dismissed her case for want of prosecution, and when the Fifth District Court of Appeal affirmed the dismissal.  *Id.*

On November 14, 2012, I issued a Report and Recommendation regarding Martinez's motion to proceed *in forma pauperis*, recommending that the Court dismiss Martinez's case with prejudice because it failed to state a claim upon which relief could be granted and any amendment would be futile.  Doc. No. 4.  Martinez did not timely object to the Report and Recommendation.  On November 29, 2012, the Court adopted and confirmed the Report and Recommendation and dismissed Martinez's case with prejudice.  Doc. No. 5.

---

[1]  Prior to the instant lawsuit, Martinez also filed two other lawsuits arising from her dispute with Ashtin Leasing, Inc.  *See Martinez v. City of Orlando*, Case No. 6:09-cv-802-JA-DAB; *Martinez v. Ashtin Leasing, Inc.*, Case No. 6:09-cv-1723-Orl-22-GJK.  Ashtin Leasing, Inc. was initially named as a defendant in the first case, but later dropped as a party.  The second case was dismissed by this Court as frivolous because Martinez failed to state an actionable claim under 42 U.S.C. § 1983 in that she did not allege facts that established state action by any of the name defendants, and the United States Court of Appeals for the Eleventh Circuit affirmed that finding. *Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 884 (11th Cir. 2011).

On December 17, 2012, Martinez filed a "Motion to Object" (Doc. No. 6), which the Court denied.  Doc. No. 7.  On December 18, 2012, Martinez filed a motion to reconsider the Court's order adopting my Report and Recommendation (Doc. No. 9), which the Court also denied.  Doc. No. 11.  On the same day, Martinez also filed a "Motion to Appeal" to the U.S. Court of Appeals for the Eleventh Circuit.  Doc. No. 10.

On January 3, 2012, Martinez filed a motion for permission to appeal *in forma pauperis* and supporting affidavit.  Doc. No. 12.  Martinez's motion is now ripe for decision.

## II.     APPLICABLE LAW.

Federal Rule of Appellate Procedure 24(a)(1) requires that a party desiring to appeal *in forma pauperis* file a motion with the district court and attach an affidavit showing the party's inability to pay or to give security for fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present on appeal.  Upon the filing of an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*.  28 U.S.C. § 1915(a).  However, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  The good faith standard is an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  *Id.*  Additionally, an application to proceed *in forma pauperis* may be denied "if it appears – objectively – that the appeal cannot succeed as a matter of law."  *De Santis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999).

III.    ANALYSIS.

I recommend that the Court find Martinez's appeal to be frivolous and not taken in good faith.  With her "Motion to Appeal," Martinez does not offer any justiciable issue and wholly fails to address the Court's reason for dismissing her complaint – namely, that she did not allege facts sufficient to state a claim against Attorney Bos (a private attorney representing a corporation in civil litigation) for violations of 42 U.S.C. § 1983.[2]  Instead, she complains about the Court's refusal to accept her representations that Attorney Bos had lied to the Circuit Court for the Ninth Judicial Circuit.  She also notes that it is her understanding that any time a party "intentionally lies to the court or stalls, or has an issue dismissed, via fraud," that party is "violating the plaintiff's due process."  Doc. No. 10.  These claims do not raise on appeal any facts or law tending to show that Attorney Bos acted under color of state law such that he can be held liable for violations of 42 U.S.C. § 1983, and are, therefore, without arguable merit.  *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (internal citations omitted) (stating tests for determining whether state action exists and noting that "under-color-of-state-law" element of Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful); *Bendiburg v. Dempsey*, 909 F.2d 463, 468-69 (11th Cir. 1990) (a

---

[2]  I note that Martinez did not include a statement of the issues she intends to present on appeal in the affidavit supporting her motion for permission to appeal *in forma pauperis*, as required by Fed. R. App. P. 24(a).  However, because Martinez states the reasons for her appeal in her "Motion to Appeal" (Doc. No. 10), I will consider the "Motion to Appeal" as her statement of the issues she intends to present on appeal.

private defendant can be liable under § 1983 only if he acted in concert with state officials in depriving a plaintiff of constitutional rights).[3]

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Martinez's Motion for Permission to Appeal In Forma Pauperis (Doc. No. 12) and **CERTIFY** that her appeal is not taken in good faith. The Clerk of Court should serve a copy of the Court's ruling on this Report and Recommendation on the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 9, 2013.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Although the "good faith" test is an objective one, I note that Martinez is well aware of the state action requirement. Indeed, this Court dismissed her previous §1983 lawsuit against Ashtin Leasing, Inc. and other defendants because Martinez failed to allege any facts establishing state action by the named defendants, and the Eleventh Circuit affirmed that dismissal. *Martinez*, 417 Fed. App'x at 884.